USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __7/6/2021__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
JERRY LEWKOWITZ, :
:
Plaintiff, :
: 1:20-cv-07759 (LJL)
-v- :
: OPINION AND ORDER
INTERCONTINENTAL HOTELS GROUP :
RESOURCES LLC, et al., :
:
Defendants. :
X
---------------------------------------------------------------------

LEWIS J. LIMAN, United States District Judge:

Defendants InterContinental Hotels Group Resources, LLC ("IHGR") and InterContinental Hotels Corporation ("IHC") move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint filed against them by Plaintiff Jerry Lewkowitz ("Plaintiff" or "Lewkowitz"). For the following reasons, the motion to dismiss is granted.

## BACKGROUND

On August 3, 2019, Plaintiff fell while descending a staircase at the Aquapura Douro Valley SA (the "Valley Hotel") in Lamego, Portugal. Dkt. No. 2 ("Compl.") ¶ 1. Plaintiff alleges his fall was "proximately caused by the absence of any handrails on the stairs" and that the absence of handrails violated building codes and New York and Portuguese negligence laws. *Id.* As a result of the fall, Plaintiff fractured his hip and later needed surgery. *Id.* He is seeking damages based on past and future medical expenses, as well as pain and suffering. *Id.* ¶ 26.

Plaintiff alleges that IHC and IHGR "owned, operated, maintained and controlled" the Valley Hotel where he fell. *Id.* ¶ 11. Plaintiff notes the legal name of the hotel was "Aquapura Douro Valley SA," Dkt. No. 24 ¶ 2b, but claims the hotel was "styling itself" as the "Six Senses Douro Valley Hotel." Compl. ¶¶ 1-2. Plaintiff alleges that the "Six Senses Hotels Resorts Spas"

("Six Senses") brand was originally owned by Sustainable Luxury (BVI) Limited Partnership ("Sustainable Luxury"), which is also named as a defendant in this action but has not been served. Dkt. No. 24 ¶ 2a. Plaintiff claims IHC purchased Sustainable Luxury (and assumed ownership of the Six Senses properties) in a Share Purchase Agreement ("SPA") executed on February 12, 2019 between Sustainable Luxury (acting through Sustainable Luxury (BVI) Limited as its general partner) and IHC. *Id.* ¶ 3. Pursuant to the SPA, IHC became the sole owner of Sustainable Luxury. Dkt. No. 22-4 ¶¶ 7-8; Dkt. No. 23 at 2. IHGR was not a party to the SPA. Dkt. No. 26-1 ¶ 8. Plaintiff also highlights a portion of IHC's annual statement where IHC discusses its "Acquisition of Six Senses Hotels Resorts Spas." Dkt. No. 2-2 ("Annual Statement").

Plaintiff also refers to a press release by an entity that identifies itself as InterContinental Hotels Group ("IHG")—not a named defendant in this case—announcing its purchase of the Six Senses brand. Dkt. No. 24-1 ("Press Release"). The Press Release references Six Senses' property in Douro Valley, Portugal and notes that IHG purchased the entirety of Six Senses' "brands and operating businesses." *Id.* However, the Press Release notes that the transaction did "not include any real estate assets." *Id.*

Plaintiff asserts that because IHC allegedly purchased Six Senses prior to Plaintiff's injury, IHC is liable for Plaintiff's injury. Dkt. No. 24 ¶ 3. IHGR is not referenced in the SPA, the Annual Statement, or the Press Release.

IHC acknowledges that it purchased "the entire issued capital" of Sustainable Luxury, which it describes as the "principal trading company of the Six Senses Group," and that Sustainable Luxury subsequently became a subsidiary of IHC. Dkt. No. 22-4 ¶ 7. However, IHC claims that it has "never owned, maintained, operated, or managed the Valley Hotel." Dkt.

No. 23 at 1. Finally, IHC also notes that it has no connection with Aquapura, which it claims is a separate entity from the Valley Hotel. *Id.*

## PROCEDURAL HISTORY

Plaintiff first initiated this action against Intercontinental Hotels Group PLC, IHRG, Six Senses Hotels Resorts Spas, and Six Senses Douro Valley Hotel on November 4, 2019. *Lewkowitz v. Intercontinental Hotels Grp. PLC*, 1:19-cv-10249 (S.D.N.Y. Nov. 4, 2019). Following an initial period of discovery, Plaintiff sought leave to voluntarily dismiss the case and re-file. In seeking to dismiss, Plaintiff cited the "nuanced name differences" between the various defendants and an interest in identifying the correct "responsible parties." *Id.*, Dkt. No. 43 at 1 (S.D.N.Y. Nov. 4, 2019). On July 24, 2020, Plaintiff voluntarily dismissed his case against the original defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

On September 21, 2020 Plaintiff filed a new complaint against IHGR, IHC, the Valley Hotel, and Sustainable Luxury. Dkt. No. 2. Neither Valley Hotel nor Sustainable Luxury have been served or have appeared in this lawsuit. On December 16, 2020, IHC filed a motion to dismiss. *See* Dkt. Nos. 21, 22, 23. Plaintiff opposed IHC's motion to dismiss on January 17, 2021, and requested additional discovery of two documents related to the SPA and the management of Valley Hotel. Dkt. No. 24 ¶¶ 11–13. On January 19, 2021, IHGR filed a motion to dismiss. *See* Dkt. Nos. 25, 26, 27. IHGR's motion to dismiss has not been opposed.

On March 12, 2021, IHC filed reply documents to Plaintiff's opposition. Dkt. Nos. 35, 36. On May 13, 2021, IHC re-filed its March 12th documents, but included the additional discovery sought by Plaintiff, namely the Real Property Schedule of the SPA and the Management Agreement between Aquapura and Sustainable Luxury. Dkt. No. 43.

On December 4, 2020, the Court held an initial pretrial conference by telephone; the Court stayed all discovery pending a decision on the motions to dismiss. Dkt. Nos. 19, 20.

Plaintiff and IHC were represented at the conference. *Id*. On June 28, the Court held a status conference by telephone, in which Plaintiff, IHC, and IHGR were all represented. Dkt. No. 44.

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal. *Twombly*, 550 U.S. at 555, 557. The ultimate question is whether "[a] claim has facial plausibility, [i.e.,] the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Put another way, the plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Twombly*, 550 U.S. at 556; *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).

## DISCUSSION

IHC and IHGR have each filed motions to dismiss. IHC argues the Complaint should be dismissed because IHC cannot be held liable for acts committed by its subsidiary, Sustainable Luxury; IHC also claims it has never owned or operated the Valley Hotel. Dkt. No. 23 at 1. IHGR similarly asserts that Plaintiff's case against it should be dismissed because IHGR has no connection to Sustainable Luxury, Valley Hotel, or Aquapura. Dkt. No. 27 at 1. The Court considers each of these motions in turn.

**I.     IHC Motion to Dismiss**

Plaintiff seeks to hold IHC, the sole shareholder of Sustainable Luxury which operates the Six Senses brand, responsible for the alleged negligence of Valley Hotel. Plaintiff cites several cases to suggest that when a "parent intervenes in the subsidiary's management so thoroughly as to ignore the subsidiary's paraphernalia of incorporation, directors and officers," then the parent corporation can be found liable for the subsidiary's actions. Dkt. No. 24 ¶ 6; *see Dempsey v. Intercontinental Hotel Corp.*, 511 N.Y.S.2d 10, 11 (1st Dep't 1987). However, as IHC points out, under New York law, parent corporations cannot be held liable for the tortious actions of their subsidiaries except where there are facts to support piercing the corporate veil. *See Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 155 (2d Cir. 2014) ("[A]s a general matter, the law allows a corporation to organize so as to isolate liabilities among separate entities") (internal quotations omitted).

In order to sustain a veil-piercing claim under New York law, a plaintiff must establish "(1) the parent corporation dominates the subsidiary in such a way as to make it a 'mere instrumentality' of the parent; (2) the parent company exploits its control to 'commit fraud or other wrong'; and (3) the plaintiff suffers an unjust loss or injury as a result of the fraud or wrong." *New York State Elec. and Gas Corp. v. FirstEnergy Corp.*, 766 F.3d 212, 224 (2d Cir. 2014) (quoting *Wm. Passalacqua Builders, Inc. v. Resnick Devs. S., Inc*., 933 F.2d 131, 138 (2d Cir.1991)). With regard to the first prong of the test, "[a] parent company will not be held liable for the torts of its subsidiary unless it can be shown that the parent exercises complete dominion and control over the subsidiary." *Beck v. Consol. Rail Corp.*, 394 F. Supp. 2d 632, 638 (S.D.N.Y. 2005) (quoting *Montes Serrano v. N.Y. Times Co. Inc.*, 797 N.Y.S.2d 135, 136 (2d Dep't 2005)). "Such dominion and control is not established through a mere showing that one corporation is a wholly-owned subsidiary of the parent or that the parent owns a controlling

interest in the shares of the subsidiary." *Id*. (citing *Billy v. Consol. Mach. Tool Corp.*, 432 N.Y.S.2d 879, 886 (1980)). Courts consider a number of factors in deciding whether the parent corporation exercises sufficient control over its subsidiary, including:

> (1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence, i.e., issuance of stock, election of directors, keeping of corporate records and the like; (2) inadequate capitalization; (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes; (4) overlap in ownership, officers, directors, and personnel; (5) common office space, address and telephone numbers of corporate entities; (6) the amount of business discretion displayed by the allegedly dominated corporation; (7) whether the related corporations deal with the dominated corporation at arms length; (8) whether the corporations are treated as independent profit centers; (9) the payment or guarantee of debts of the dominated corporation by other corporations in the group; and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own.

*Passalacqua*, 933 F.2d at 139. If the plaintiff is able to establish control, he must then further allege that the parent company exercised this control in order "to commit a fraud or other wrong that causes plaintiff's loss." *N.Y. State Elec. and Gas Corp.*, 766 F.3d at 229 (quoting *Bedford Affiliates v. Sills*, 156 F.3d 416, 431 (2d Cir. 1998)). Importantly, "it is well established that purely conclusory allegations cannot suffice to state a claim based on veil-piercing." *Chanel, Inc. v. WGACA, LLC*, 2018 WL 4440507, at *5 (S.D.N.Y. Sept. 14, 2018).

The claims against IHC must be dismissed because there are no well-pled allegations that IHC exercised complete domination and control over Sustainable Luxury—the only entity in which Plaintiff has plausibly alleged IHC possessed an ownership interest—let alone the Valley Hotel. Although the Press Release and Annual Report demonstrate that IHC purchased Sustainable Luxury, the "principal trading company of the Six Senses Group," Plaintiff does not claim that following the purchase, IHC exercised a control over Sustainable Luxury sufficient to warrant veil-piercing. Plaintiff does not allege that Sustainable Luxury, as an entity, lacked corporate formalities, was inadequately capitalized, or was treated as a "personal" financing

6

vehicle for IHC. There are no allegations that tend to support any of the indicia of control courts look to in determining whether veil-piercing is appropriate. Indeed, the Press Release that Plaintiff included in its opposition to IHC's motion to dismiss explicitly notes that "the Six Senses management," which Plaintiff alleges operated the Valley Hotel, "will remain in place" following the transaction. Dkt. No. 24-1 at 2. Plaintiff's allegations of control are purely conclusory and thus insufficient to state a claim for corporate veil-piercing.

Plaintiff alternatively argues that IHC is liable because it had "actual notice" of the missing handrail, presumably making IHC responsible for the negligent condition. Dkt. No. 24 ¶ 15. Plaintiff claims "[a]ny simple inspection of the Hotel as part of a normal due diligence prefatory to its purchase would have brought the [missing handrail] condition to IHC's attention." *Id.* However, Plaintiff does not adequately allege that IHC purchased the Valley Hotel as part of the SPA. In fact, the Press Release Plaintiff submitted explicitly states that IHC purchased the Six Senses brand and operating group, but that the transaction did "not include any real estate assets" or physical property. Dkt. No. 24-1 at 3.

Liability for a dangerous or hazardous condition on property "is predicated upon ownership, occupancy, control or a special use of the property; the determinative issue being one of *possession* and *control*." *Beck v. Consol. Rail Corp.,* 394 F. Supp. 2d 632, 636 (S.D.N.Y. 2005) (internal quotations and citations omitted) (emphasis added). While the Management Agreement between Aquapura and Sustainable Luxury suggests that *Sustainable Luxury* was hired to "operate and promote" the Valley Hotel, Dkt. No. 43-2, Plaintiff fails to show that *IHC* possessed or controlled the property. In fact, the Real Property Schedule of the SPA, which Plaintiff requested, reveals that IHC did not purchase any lease or tenancy agreements associated with the Valley Hotel property. Dkt. No. 43-1. Plaintiff's alternative theory of IHC's liability is

7

merely another attempt to hold IHC, the parent entity, liable for the alleged action or inaction of Sustainable Luxury, its subsidiary.  As Plaintiff has not pointed to any factors which suggest IHC exercised sufficient dominion or control over Sustainable Luxury, Plaintiff's allegations do not raise a "reasonable expectation that discovery will reveal evidence [supporting the claim]." *Twombly*, 550 U.S. at 556.

## II. IHGR Motion to Dismiss

Plaintiff's allegations are also insufficient to establish that IHGR bears any liability with respect to the alleged negligent management of the Valley Hotel.  There are no well-pled allegations that IHGR possessed any ownership interest in Sustainable Luxury, Six Senses, or the Valley Hotel.  Nor is IHGR mentioned in the SPA, the Annual Statement, or the Press Release. *See* Dkt. Nos. 2-2, 2-2, 24-1.  Plaintiff merely pleads that IHGR "had a duty to maintain the hotel [in] a safe condition free from traps and hazards." Compl. ¶ 18.  That is not sufficient. *See Twombly*, 550 U.S. at 556.

Plaintiff has also failed to respond to IHGR's motion to dismiss.  It is well-established that "a counseled party's partial opposition to a motion may imply an abandonment of some claims." *Colbert v. Rio Tinto PLC*, 2019 WL 10960490, at *4 (S.D.N.Y. July 29, 2019); *see also Sullivan v. City of New York*, 2015 WL 5025296, at *5 (S.D.N.Y. Aug. 25, 2015), *aff'd*, 690 F. App'x 63 (2d Cir. 2017) ("a party's pursuit of some claims but not others . . . may imply an abandonment of the latter.").  As Plaintiff has continued to pursue its claims against IHC, the Court concludes that Plaintiff has abandoned its claims against IHGR.

## III. Claims Against IHC and IHGR are Dismissed with Prejudice

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading . . . by leave of the court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  The Second Circuit "strongly favors liberal grant of an opportunity to

8

replead after dismissal of a complaint under Rule 12(b)(6)." *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006). However, "a district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

"Granting leave to amend is 'futile' if a revised claim still 'could not withstand a motion to dismiss pursuant to Rule 12(b)(6).'" *Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 510 (S.D.N.Y. 2015) (quoting *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)); *Flores v. Forster & Garbus, LLP*, 2021 WL 1893558, at *2 (S.D.N.Y. May, 11 2021) (dismissing claims as "futile" when plaintiff failed to allege any facts which could "constitute a plausible claim for relief . . . [after] many bites at the apple"). In determining whether granting leave to amend would result in "undue prejudice" to the defendant, "the Second Circuit considers whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the [opposing party] from bringing a timely action in another jurisdiction." *Silva Run Worldwide Ltd. v. Gaming Lottery Corp.*, 215 F.R.D. 105, 107 (S.D.N.Y. 2003) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.1993)).

In this case, granting Plaintiff leave to amend or re-file against IHC and IHGR would be futile. In response to the motion to dismiss, Plaintiff has identified no facts which, if they were pled in the complaint, would establish a claim of liability against ICH or IHGR. Plaintiff has received the limited discovery it sought to establish that IHC and IHGR are liable for the negligence of Sustainable Luxury or the Valley Hotel, and those documents do not support his claim.

Moreover, Plaintiff's claims against ICH and IHGR are deficient despite having had numerous opportunities to name the proper defendants. Plaintiff initially filed this action in November 2019, naming four defendants. *See Lewkowitz*, 1:19-cv-10249 (S.D.N.Y. Nov. 4, 2019). In that action, Plaintiff sought leave to amend his complaint twice in an effort to identify the correct parties, before ultimately requesting leave to voluntarily dismiss his complaint and re-file. *See id.*, Dkt. Nos. 38, 41, 43. Meanwhile, counsel for Defendants in the initial action filed two successive motions to dismiss, *Id.*, Dkt. Nos. 21, 35, just as counsel for IHC and IHGR in the present action have each filed motions to dismiss. *See* Dkt. Nos. 21, 22, 23 (IHC motion to dismiss); Dkt. Nos. 25, 26, 27 (IHGR motion to dismiss). In short, Plaintiff has had ample notice of his pleading deficiencies with respect to corporate parent liability, and there is no indication on the record that there are any additional facts Plaintiff could plead to state a claim against IHC and IHGR. Thus, providing Plaintiff with leave to amend his complaint yet again would be futile, as the complaint "has substantive problems," and the record has shown that "better pleading will not cure [them]." *Henry v. Davis*, 2011 WL 3295986, at *4 (S.D.N.Y. Aug. 1, 2011) (citing *Hunt v. All. N. Am. Gov't Income Tr.*, 159 F.3d 723, 728 (2d Cir.1998)).

**IV. Claims Against Aquapura Douro Valley SA and Sustainable Luxury Mauritius Limited**

The two other defendants, Aquapura Douro Valley SA and Sustainable Luxury Mauritius Limited, have not appeared in the case, and Plaintiff's counsel averred at conference that he had not served those defendants. Under Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiff has not shown good cause nor has he attempted to do so. He admitted at conference that he had not attempted to serve Aquapura Douro Valley SA or Sustainable Luxury Mauritius Limited. Accordingly, the claims against those Defendants are dismissed without prejudice.

## CONCLUSION

For the forgoing reasons, IHC's and IHGR's motions to dismiss are GRANTED with prejudice.

The claims against Defendants Aquapura Douro Valley SA or Sustainable Luxury Mauritius Limited are DISMISSED without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

The Clerk of Court is respectfully directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: June 6, 2021
New York, New York

LEWIS J. LIMAN
United States District Judge

11